**In re Donald GOODRICH, a/k/a Real Estate Investor, Debtor.**

**WFC REALTY CO., INC., Plaintiff,**

v.

**Jason MONZACK, et al., Defendants.**

**Bankruptcy No. 92–10618.**
**Adv. No. 93–1065.**

United States Bankruptcy Court,
D. Rhode Island.

July 14, 1994.

Jason D. Monzack, Chapter 7 Trustee, Kirshenbaum & Kirshenbaum, Cranston, RI.

Angelo R. Marocco, Cranston, RI, for intervenor Integrated Properties V, Inc.

Richard L. Gemma, MacAdams & Wieck, Inc., Providence, RI, for plaintiff.

*ORDER GRANTING TRUSTEE'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Trustee's Motion for Summary Judgment in the above referenced adversary proceeding, and the objection of Intervenor, Integrated Properties V, Inc. ("Integrated"). The issue is whether, as a matter of law, Integrated's alleged equitable interest in the general partnership interest of Donald Goodrich ("Goodrich") in Babcock Village Associates (the "Partnership") may be avoided by the Trustee under 11 U.S.C. § 544(a).

11 U.S.C. § 544(a) entitles the Trustee (as a hypothetical lien creditor) to avoid a transfer of property that was either incomplete or unperfected as of the bankruptcy filing date. *See In re Harbour House Operations Corp.,* 26 B.R. 324 (Bankr.D.Mass.1982); *In re O.P.M. Leasing Servs., Inc.,* 23 B.R. 104 (Bankr.S.D.N.Y.1982). On November 9, 1988, Donald Goodrich executed an assignment of his partnership interest to Integrated. The Partnership Agreement, however, requires the consent of Rhode Island Housing and Mortgage and Finance Corporation ("RIHMFC") and the Limited Partners, prior to the transfer of a general partnership interest, or for the admission of a substitute general partner.

Integrated has received neither the prior written consent of RIHMFC nor that of the limited partners. These are substantive prerequisites to the transfer of title of a partnership interest, and the failure of Integrated to obtain either, is fatal to its claimed assignment.

Furthermore, Integrated never filed an Amendment to Partnership Agreement with the Office of the Secretary of State to transfer the legal title of the partnership interest, as required by R.I.Gen.Laws § 7–13–9.[1] Such filing is required because the Certificate of Limited Partnership on file with the Secretary of State constitutes notice to all persons, creditors, and others doing business

with the limited partnership that the persons designated therein comprise the general partners of the limited partnership. Here, a good faith creditor examining the ownership of the general partnership as set forth in the public records, would see no record of a transfer or assignment to Integrated, of Goodrich's general partnership interest.

Accordingly, we rule as a matter of law that Integrated, *at most,* holds an unperfected, unrecorded equitable interest (by way of assignment) in the general partnership interest of Goodrich in the Partnership. *See In re Bridge,* 18 F.3d 195 (3d Cir.1994). The Trustee, as a hypothetical bona fide purchaser of real property for value, without actual or constructive notice, takes title free from such unrecorded equitable interests. We agree with the argument that as between the original parties the transfer might be valid and enforceable, but as against the Trustee, Integrated's interest in the partnership is clearly subordinate.

Accordingly, for the reasons given by the Trustee in his Memorandum in Support of the instant motion, which are adopted and incorporated herein by reference, it is ORDERED that the Motion for Partial Summary Judgment against Intervenor, Integrated Properties V, Inc., is GRANTED.

The sole issue remaining is the amount WFC Realty Co., Inc., owes to the Trustee for his interest in the general partnership. Because this is not before us in the instant motion for summary judgment, it will be scheduled for hearing on the next trailing calendar. The Trustee indicated that he has reached a tentative agreement with WFC, and we hope that takes place. Because settlements do fall through, however, it is hereby ORDERED that the parties file either a settlement stipulation or a joint pre-trial order by August 15, 1994, regarding this remaining issue.

Finally, according to Fed.R.Civ.P. 54(b), made applicable in bankruptcy through Fed. R.Bankr.P. 7054,

---

1. R.I.Gen.Laws § 7–13–9(b) states: "Within thirty (30) days after the happening of any of the following events, an amendment to a certificate

of limited partnership reflecting the occurrence of the event or events shall be filed: (1) The admission of a new general partner...."

[w]hen more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

Finding no reason for delay in the formal disposition of the partial summary judgment issue, it is ORDERED that a Final Judgment enter against Integrated Properties V, Inc., consistent with this opinion.